

```
                                                                        D|F
```
```
                                                              FILED
                                                         IN CLERK'S OFFICE
                                                      U S DISTRICT COURT E D N Y
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                          ★   APR 0 4 2014   ★
----------------------------------------------------X
KA'REEM SHARPE,                                         LONG ISLAND OFFICE

                          Petitioner,
                                                       OPINION AND ORDER
              -against-                                13-CV-6064 (SJF)

DANIEL F. MARTUSCELLO,

                          Respondent.
----------------------------------------------------X
```

FEUERSTEIN, J.

On October 28, 2013, petitioner Ka'reem Sharpe ("petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). [Docket Entry No. 1]. The two (2) page Petition alleges, in its entirety:

> I am a petitioner/defendant, and I am requesting for stay and abyance [sic] to take an undue amount of time to pursue state court remedies. As of this moment I am in the process of completing my writ of error coram nobis relief which may allow me (further access into the state court to present other unexhaust [sic] claims of innocence [sic] on my direct appeal (which is why the writ is being submitted). The concern about excessive delays in seeking exhaustion and in returning to federal court after exhaustion can easily be dispelled by allowing a habeas petitioner no more than reasonable interval of time to present his claims to the state courts and to return to federal court after exhaustion.

Petition, at 1.[1] Notably, the Petition makes no reference to the underlying state court proceeding, including the name and court of conviction, date of conviction, or case number.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 2") provides that the petition must "specify all grounds for relief available to the

---

[1] The petition also includes what appears to be a recitation of language from *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001) regarding the "exhaustion requirement pursuant to 28 U.S.C.A. 2254." Petition, at 1-2.

petitioner" and "state the facts supporting each ground." The Petition fails to meet the requirements of Rule 2. Accordingly, the Petition is dismissed without prejudice with leave to refile in accordance with the requirements of Rule 2.

The Clerk of the Court is directed to mail a copy of this order to plaintiff, along with the form and instructions for filing a "Petition for Relief From a Conviction or Sentence By a Person in State Custody." The Clerk of Court shall close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: April 4, 2014
Central Islip, New York